UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/3/26
```

JUSTINO CRUZ ROSALES, et al.,

               Plaintiffs,

-against-

BKLYN LOCAL DRAFT LLC d/b/a THE
BROOKLYNEER, et al.,

               Defendants.

24-CV-5572 (JGLC) (BCM)

**SCHEDULING ORDER FOR
DAMAGES INQUEST**

**BARBARA MOSES, United States Magistrate Judge.**

WHEREAS, on September 29, 2025 and October 6, 2025, the Clerk of Court entered certificates of default (Dkts. 60, 72, and 73) against defendants Bklyn Local Draft LLC d/b/a The Brooklyneer, Billy Waite, and Juan Gomez (together, the Defaulted Defendants); and

WHEREAS, on January 30, 2026, the District Judge issued an Order (Dkt. 78) granting plaintiffs' motion for a default judgment against the Defaulted Defendants; and

WHEREAS, on January 30, 2026, the District Judge issued an Order of Reference (Dkt. 79) referring this action to Judge Moses to conduct an inquest and issue a report and recommendation concerning plaintiffs' damages with respect to the Defaulted Defendants;

It is hereby ORDERED that:

1.     <u>Proposed Findings of Fact and Conclusions of Law</u>. **No later than March 6, 2026**, plaintiffs must file their Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with a default judgment against the Defaulted Defendants. The Proposed Findings of Fact and Conclusions of Law must contain a concluding paragraph that succinctly summarizes, as to each Defaulted Defendant, the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from that Defaulted Defendant.

2.      Damages. Plaintiffs must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if plaintiffs seek actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of plaintiffs' request for damages or other relief must be in admissible form. Each proposed finding of fact must be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that support each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate, for each Defaulted Defendant, how plaintiffs have arrived at the proposed damages figure and should specifically tie the proposed damages to their legal claims against that Defaulted Defendant.

3.      Jurisdiction. Before a judgment can be entered and damages or other relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over each Defaulted Defendant, *see Sheldon v. Plot Commerce*, 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *adopted*, 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010), and subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102

2

(1998)) ("courts may not reach the merits of a claim before establishing subject matter jurisdiction"). Plaintiffs are advised that failure to adequately establish service as to the Defaulted Defendants may result in denial of plaintiffs' request for a damages judgment as to that Defaulted Defendant.

4.    Liability. The Court must also be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against each Defaulted Defendant. *See Sheldon*, 2016 WL 5107072, at \*5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("the court may, on plaintiff's motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true"). The Proposed Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish each Defaulted Defendant's liability for each cause of action asserted against it.

5.    Attorneys' Fees. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiffs must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting plaintiffs' costs and expenses.

6.    Brief in Lieu of Conclusions of Law. In lieu of Conclusions of Law, plaintiffs may submit a memorandum of law setting forth the legal principles applicable to (a) the Court's

jurisdiction and each Defaulted Defendant's liability in accordance with paragraphs 3-4 of this Order; and (b) their damages claims (including but not limited to the legal basis for any claim for interest or attorney's fees).

7.      Service. Prior to filing, plaintiffs must serve each Defaulted Defendant by mail at its last known address with plaintiffs' Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiffs must file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civ. R. 55.2(c) ("all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court").

8.      Opposition. **No later than March 31, 2026**, each Defaulted Defendant must serve upon plaintiffs' counsel and file with the Court its responses, if any, to plaintiffs' Proposed Findings of Fact and Conclusions of Law and supporting materials.

9.      Inquest on Written Submissions. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("affidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 524, 526-27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone,

including a description of what witnesses would be called to testify at a hearing, and the nature of

the evidence that would be submitted.

Dated:  New York, New York
        February 3, 2026

                                    **SO ORDERED.**


                                    _____
                                    **BARBARA MOSES**
                                    **United States Magistrate Judge**